```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
UNITED RENTALS INC..                    :
                                        :
v.                                      :  CIV. NO. 10CV1628 (WWE)
                                        :
EVAN FREY                               :
                                        :
```

RULING ON PLAINTIFF'S ORAL MOTION TO COMPEL DOCUMENTS

On January 31, 2011, the parties contacted the Court during the deposition of defendant Evan Frey. Plaintiff's counsel asked Frey to describe and produce the content of certain communications that Frey had with John Deckard, General Counsel of MacAllister Machinery, Inc. ("MacAllister"), Mr. Frey's current employer. Defendant's counsel objected and instructed Frey not to answer on the grounds that the communications he had with Deckard, since the time of his employment, are privileged. On February 2, 2011, defendant's counsel submitted documents Bates Stamped "FREY-PRIV 001-0034" for in camera review.  Some of the exchanges are between Frey and Deckard; some are among Frey, Deckard and defendant's counsel Stuart Katz. Defendant contends that all of these communications are privileged.  On Friday, February 4, 2011, defendant provided a copy of defendant's Retainer Agreement dated November 2, 2010.

FREY-PRIV 001-004; 005-008; 009-0012

These documents are e-mails among Frey, General Counsel Deckard and Attorney Katz, dated from November 3-8, 2010, about

1

scheduling. The Court has reviewed these e-mails and finds, as they do not contain relevant information, there is no need to reach the question of privilege. The motion to compel is denied as to these documents.

FREY-PRIV 0013-14; 0015-016

These documents are e-mails among Frey, General Counsel Deckard and Attorney Katz, dated November 9, 2010. Specifically, Attorney Katz is requesting information from General Counsel Deckard and Frey regarding the lawsuit; as such, the emails protected by the work product doctrine. The motion to compel is denied as to these documents.

FREY-PRIV 0017-18

These documents are emails among Attorney Katz, General Counsel Deckard and Frey, dated December 9, 2010, inquiring about availability to review court submissions. The motion to compel is denied as to these documents.

FREY-PRIV 0019-0021; 0022; Top Portion of 0023; 0024-25

These documents are emails among Attorney Katz, Frey and General Counsel Deckard, dated December 16 and 17, 2010. The only relevant ones discuss strategy and, as such, are protected under the work product doctrine. The motion to compel is denied as to these documents.

FREY-PRIV 0023

The email at issue on this page, dated December 17, 2010 9:08AM from Frey to Attorney Katz with a copy to John Deckard, raises issues on which counsel's further input would be helpful.

Frey is responding to a request from Attorney Katz for comment on a proposed submission to the Court. The information Frey provides to Attorney Katz is covered under the attorney-client privilege. However, Frey copies General Counsel Deckard on his response. The question is whether making the General Counsel privy to this information voids the protection of the privilege. Assume that the information provided is unrelated to defendant's employment with MacAllister. The parties will provide any case law and additional information which they believe would assist the Court in rendering a decision on the scope of the privilege in this context.

<u>FREY-PRIV 0026-27</u>

These documents are emails among Attorney Katz, Frey and General Counsel Deckard, dated December 17, 2010, seeking input on the Rule 26(f) report; they are protected by the work product doctrine. The motion to compel is denied as to these documents.

<u>FREY-PRIV 0028-30; 0031-34</u>

These documents are emails among Attorney Katz, Frey and General Counsel Deckard, dated January 7, 2011, discussing the extent to which Frey may disclose information which is MacAllister property. They are privileged. The motion to compel is denied as to these documents.

This is not a recommended ruling. This is a discovery ruling and order which is review able pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of

3

the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ORDERED at Bridgeport this 7th day of February 2011.

__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE