```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                         :
UNITED RENTALS, INC. and                 :
UNITED RENTALS (NORTH                    :
AMERICA), INC.,                          :
                                         :
v.                                       :   CIV. NO. 3:10-cv-1628 (HBF)
                                         :
EVAN FREY.                               :
                                         :
                                         :
```

RULING ON PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE THE TESTIMONY OF JAY SWEARINGEN

Plaintiffs move to preclude the testimony of Jay Swearingen at trial, on the grounds that he was not timely disclosed as a witness in this case. In the alternative, Plaintiffs seek to reopen discovery for the purposes of deposing Swearingen and conducting any additional discovery that might arise from documents or testimony elicited from Swearingen. Defendant has not objected to the reopening of discovery for the limited purpose of deposing Swearingen.

Rule 26(a)(1)(A)(i) requires that a party disclose the name of any individual likely to have discoverable information that may be used to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). Parties must supplement their disclosures throughout the discovery process if their disclosures have been incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). When a party fails to identify a witness as required by Rule 26(a) or

1

(e), the party is not allowed to use that witness at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

However, preclusion is a discretionary remedy, even if there is no substantial justification and the error is not harmless. Lodge v. United Homes, LLC, 787 F. Supp. 2d 247, 258-59 (E.D.N.Y. 2011) (citing Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006)). In applying its discretion, a court should consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witness[]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (citations omitted). Further, a court must consider less drastic responses before the extreme sanction of preclusion is used, especially where the failure to comply was due to the mere oversight of counsel. See Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988).

Here, Defendant failed to properly disclose Swearingen as a witness to be used to support its defenses, as required by Rule 26(a), and never supplemented its disclosures to include Swearingen, as required by Rule 26(e). Defendant is, therefore, precluded from using Swearingen's testimony at trial unless the

2

failure to disclose or supplement is substantially justified or is harmless; or the Court determines, within its discretion, that Swearingen should be permitted to testify at trial.

In reference to the first factor in applying its discretion, the Court notes that the Defendant has provided no explanation for the failure to disclose Swearingen, and has made no argument that the failure to disclose was substantially justified.  With respect to the second factor in applying its discretion, the Court recognizes the value of Swearingen's testimony to the Defendant, without which the Defendant's claim that he is not liable for post-injunction breach of the non-compete will hinge on circumstantial evidence, and the credibility of Defendant's own testimony.

In reference to the third factor – prejudice - the Court finds that the failure to disclose was harmless.  Plaintiffs have not shown any prejudice, such as by the unavailability of the witness, or their inability to prepare for trial on short notice.  With respect to the fourth factor – the possibility of a continuance - the Court is willing to reopen discovery for the limited purpose of deposing Swearingen.

The Court anticipates a trial date in July 2012, which provides adequate time for the parties to arrange for the deposition of Swearingen.  Further, the Court will grant additional discovery, based on information elicited from

3

Swearingen, upon a showing to the court that broader discovery is warranted.  On balance, the Court finds that the extreme remedy of precluding a witness from testifying at trial is not warranted where, as here, the parties will have adequate time to prepare and perform discovery before trial, and the party seeking preclusion has shown no prejudice.

## CONCLUSION

Plaintiffs' Motion in Limine to Preclude the Testimony of Jay Swearingen **[Doc. #81]** is **GRANTED** in part and **DENIED** in part.  This is **not** a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge **[Doc. #33]** and on February 9, 2011 this case was transferred to this Court for all purposes, including the entry of judgment.

**SO ORDERED** at Bridgeport this 3rd day of April 2012.


　　　　/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE